J-S57021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| SHALAMAR R. CARMON | |
| Appellant | No. 549 EDA 2017 |

Appeal from the PCRA Order dated January 23, 2017
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003283-2004

BEFORE: PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                **FILED DECEMBER 05, 2017**

Appellant, Shalamar R. Carmon, appeals *pro se* from the order dismissing his third petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

On October 3, 2006, a jury convicted Appellant of first-degree murder, and he was sentenced that same day to life imprisonment without parole. He filed a direct appeal, and this Court affirmed his judgment of sentence on January 4, 2008. **Commonwealth v. Carmon**, 947 A.2d 822 (unpublished memorandum). On June 26, 2008, the Supreme Court denied his *allocatur* petition. **Commonwealth v. Carmon**, 951 A.2d 1160 (Pa. 2008). Appellant did not petition the United States Supreme Court for a writ of *certiorari*. Therefore, his judgment of sentence became final on September

24, 2008, ninety days after the Pennsylvania Supreme Court denied his *allocatur* petition. 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 13.

Appellant filed a timely PCRA petition, within one year, on June 12, 2009. The PCRA court appointed counsel, held an evidentiary hearing, and dismissed the petition. Appellant appealed, and this Court affirmed the denial of relief. ***Commonwealth v. Carmon***, 29 A.3d 830 (Pa. Super. 2011) (unpublished). Appellant petitioned for collateral relief a second time on February 3, 2012. This time, the PCRA court denied relief on the ground that the petition was untimely. Appellant unsuccessfully appealed. ***Commonwealth v. Carmon***, 62 A.3d 463 (Pa. Super. 2012) (unpublished).

Appellant filed the petition that is now before us, his third, on December 12, 2016. The PCRA court dismissed the petition as untimely by an order dated January 23, 2017. Appellant filed a timely appeal in which he raises five issues:

> [1.] Whether Appellant is entitled to Post-Conviction Relief, when the evidence of record support[s] Appellant's claim that he is being detained illegally, in violation of due process of law, under an illegal sentence, where he was never sentenced by a judgment of the law of the land that lawfully authorizes the deprivation of his liberty, as required by the Due Process Clause of the Pa.Const. art.1 §9 and the 14th amendment of the U.S.Const.?
>
> [2.] Whether 18 Pa.C.S.§ 1102(a)(1) could have ever lawfully authorized an imposition of a mandatory sentence of life imprisonment without the possibility of parole upon Appellant, as a result of his 1st degree murder conviction?
>
> [3.] Whether the PCRA Court erred in dismissing Appellant's PCRA petition as untimely, when Appellant established his illegal

sentence claim within the plain language of the timeliness exception of 42 Pa.C.S.§ 9545(b)(1)(i) & § 9545(b)(2), where the evidence of record substantially supports the material fact that the Sentencing Judge's failure to satisfy the Due Process requirement of Notice, reasonably calculated, under all the circumstances pertaining to the judgment of sentence imposed upon Appellant, interfered with this illegal sentence claim being presented previously?

[4.] Whether the PCRA Court erred in dismissing Appellant's PCRA petition as untimely, when the evidence of record does not support the PCRA Court's conclusion that Appellant's argument, demonstrating that he did not know he was being illegally detained under an illegal sentence, within the plain language of 42 Pa.C.S.§ 9545(b)(1)(ii) & § 9545(b)(2), was unavailing, because Appellant was convicted of 1st degree murder, and on October 3, 2006, was sentenced to life imprisonment without the possibility of parole, which is a mandatory sentence, pursuant to 18 Pa.C.S.§ 1102(a)(1)?

[5.] Whether the PCRA Court erred in dismissing Appellant's PCRA petition as untimely, when the PCRA Court's jurisdiction to address the merits of Appellant's illegal sentence claim is clearly seen, where Appellant's judgment of sentence could have never become final, because the evidence of record support[s] Appellant's argument that the judgment of sentence imposed upon Appellant was never legally determined by a statute that lawfully authorized the deprivation of Appellant's liberty?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be timely. In order to be timely, it must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, an untimely petition may be considered when the petition alleges, and the petitioner proves, that one of the three limited exceptions to the time for filing the petition set forth at 42 Pa.C.S. § 9545(b)(1) is met. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to proceed under an exception to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Whether a PCRA petition is timely is a question of law; this Court's standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013). It is well settled that "[t]he filing mandates of the PCRA are jurisdictional in nature and are strictly construed." **Id.** Consequently, "[a]n untimely petition renders this Court without jurisdiction to afford relief." **Id.**

- 4 -

Here, Appellant's judgment of sentence became final on September 24, 2008. He therefore had to file a timely petition by September 24, 2009. 42 Pa.C.S. § 9545(b)(1). Because Appellant filed the underlying petition on December 12, 2016, we agree with the PCRA court that the petition is untimely and we lack jurisdiction to review it. After a thorough review of the record, the applicable law, and the opinion of the Honorable Douglas G. Reichley, sitting as the PCRA court, we affirm on the basis of Judge Reichley's comprehensive and well-reasoned opinion, which holds that Appellant's third PCRA petition is untimely, and that "Appellant did not establish the existence of any applicable exception to the PCRA's time requirements," and states, "while the [PCRA court] does not have jurisdiction to address the merits, the [PCRA court] observes that Appellant's sentence [of life imprisonment for first degree murder in accordance with 42 Pa.C.S. § 9711] is not illegal." PCRA Court Opinion, 2/27/17, at 4-5 (unpaginated). In the event of future filings, the parties are instructed to attach a copy of the PCRA court's February 27, 2017 opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2017

- 5 -

# IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

vs.

No. 3283/ 2004
___ EDA 2017

SHALAMAR R. CARMON,
Defendant

## ORDER

**AND NOW**, this _27th_ day of February, 2017, it appearing that the Appellant has filed a Notice of Appeal in the above-captioned matter; and it further appearing that the accompanying Memorandum Opinion satisfies the requirements of Pa.R.A.P. 1925(a);

**IT IS HEREBY ORDERED** that the Clerk of Courts, Criminal, transmit the record in the above-captioned matter to the Superior Court forthwith.

By the Court:

_Douglas A. Reichley_
Douglas G. Reichley, J.

2017 FEB 27 PM 1:37
CLERK OF COURTS
LEHIGH COUNTY, PA
FILED

2/27/17

PH     CMO

PERSONAL DELIVERY:

REGULAR MAIL:

200pm

200pm
SCI Fayett

GU9915

# IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

vs.

SHALAMAR R. CARMON,
Defendant

No. 3283/ 2004
___ EDA 2017

2011 FEB 27 PM 1:39
CLERK OF COURTS
LEHIGH COUNTY, PA
FILED

## 1925(a) Opinion

Shalamar Carmon, Appellant, has appealed from the Court's order dismissing his third

Post Conviction Relief Act (PCRA) petition on January 23, 2017. For the reasons set forth

herein, the Court was without jurisdiction to consider Appellant's PCRA petition and said

petition was properly dismissed.

## Factual and Procedural Background

This case stems from a 2004 homicide, which was litigated in Case No. CP-39-CR-

0003283-2004. Appellant was charged with and subsequently convicted of Murder in the First

Degree for the murder of Jason Fritchman. A jury convicted Appellant in October of 2006 and he

was sentenced to life imprisonment without parole. The Superior Court affirmed that sentence,

*Commonwealth v. Carmon*, 947 A.2d 822 (Pa. Super. 2008) (unpublished memorandum), and the

Pennsylvania Supreme Court rejected Appellant's allocatur petition on June 26, 2008.

*Commonwealth v. Carmon*, 951 A.2d 1160 (Pa. 2008) (table).

Appellant filed a timely PCRA petition alleging ineffectiveness of pretrial and trial

counsel for failing to seek suppression of identification testimony and failing to object to the

introduction of photographs of the crime scene. His PCRA petition was denied and dismissed on

June 11, 2010. Appellant appealed to the Superior Court, which affirmed. *Commonwealth v.*

*Cameron*, 29 A.3d 830 (Pa. Super. 2011) (table). The Supreme Court rejected the Appellant's appeal. *Commonwealth v. Cameron*, 29 A.3d 370 (Pa. 2011) (table).

On December 12, 2016, Appellant filed the instant PCRA Petition. On December 20, 2016, the Court reviewed that petition and determined it was untimely. Accordingly, the Court entered an order placing Appellant on notice of the Court's intent to dismiss his PCRA petition without a hearing. Appellant filed a response to the Court's Notice of Intent to Dismiss on January 6, 2017.

On January 23, 2016, the Court entered an order dismissing the PCRA petition. Appellant filed a Notice of Appeal on February 8, 2017 and timely filed a Concise Statement on February 22, 2017.

This Opinion follows.

### Discussion

Appellant has raised 5 issues on appeal, but only the first issue requires consideration. Appellant alleges the Court erred in dismissing his PCRA petition because he met an exception to the timeliness requirements of the PCRA as a result of the alleged imposition of an illegal sentence.

Second or subsequent PCRA petitions "will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of justice may have occurred." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008) (citing *Commonwealth v. Carpenter*, 725 A.2d 154, 160 (Pa. 1999)). "A petitioner makes a *prima facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent

CLERK OF COURTS
LEHIGH COUNTY, PA
2017 FEB 27 PM 1:39
FILED

of the crimes for which he was charged." *Commonwealth v. Burkhardt*, 833 A.2d 233, 236 (Pa. Super. 2003) *(en banc)* (citations omitted).

The timeliness requirements of the PCRA must be strictly construed and are jurisdictional in nature; thus, courts are precluded from addressing the merits of issues raised in a PCRA petition if it is untimely. *Abu-Jamal*, 941 A.2d at 1267. Petitions under the PCRA, including second or subsequent petitions, must be filed within one year from the date the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final either after direct review, including discretionary review, or after the expiration of the time for seeking review. *Id.* § 9545(b)(3).

There are three very narrow exceptions to the one year time period:

(i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)  the facts upon which the claim is predicated were unknown to the Appellant and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided ... and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i)-(iii).

CLERK OF COURTS
LEHIGH COUNTY, PA
2011 FEB 27 PM 1:39
FILED

If the PCRA petitioner can successfully demonstrate the applicability of any of the three exceptions, he may file his petition within 60 days of the date that his claim could have been presented. *Id.* § 9545(b)(2).

In the within matter, Appellant asserted he is eligible for relief because he is challenging the legality of the sentence imposed. He claims that he is being held illegally "because there is no statute given by the court order, related to [Appellant's] sentencing proceeding, that ever had the lawful authority to give the Dept. of Corrections any power to enforce any provisions remotely close to accepting, confining and depriving Appellant of his liberty in any way...." (Post-Conviction Relief Act Petition, at 19.) In Appellant's Response to the Court's Notice of Intent to Dismiss, Appellant explained that his petition is timely because he "did not know he was being illegally detained under an illegal sentence." (Defendant's Response to the Court's Notice of Intent to Dismiss, at 2.)

Appellant was convicted of Murder in the First Degree, 18 Pa.C.S.A. § 2501(a). On October 3, 2006, Appellant was sentenced to life imprisonment without the possibility of parole, which is a mandatory sentence. 18 Pa.C.S.A. § 1102(a)(1). Appellant's assertion that he was unaware that his sentence is illegal and that he only came to learn this in October of 2016 was unavailing. Furthermore, while the Court does not have jurisdiction to address the merits, the Court observes that Appellant's sentence is not illegal. *Id.* ("[A] person who has been convicted *of murder of the first degree . . . shall be sentenced* to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree).").

## Conclusion

Because Appellant did not establish the existence of any applicable exception to the PCRA's time requirements, the Court properly dismissed Appellant's PCRA petition without a hearing. Consequently, the Court respectfully recommends that its order dismissing the PCRA Petition be affirmed.

By the Court:

Douglas G. Reichley, J.

FILED

2011 FEB 27 PM 1: 39

CLERK OF COURTS
LEHIGH COUNTY, PA